42 F.3d 1391
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Ronald Leroy KELLEY, Plaintiff-Appellant,
v.
Linley PEARSON, et al., Defendants-Appellees.
 No. 93-1379.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 22, 1994.*
Decided Nov. 29, 1994.
 
 Before POSNER, Chief Judge, and CUMMINGS and MANION, Circuit Judges.
 
 ORDER
 
 1
 Inmate appellant Ronald Kelley[1] appeals the district court's dismissal of his civil rights action under 42 U.S.C. Sec. 1983. We affirm.
 
 
 2
 Appellant filed his complaint on July 7, 1992, alleging a variety of misconduct against several state officials. The gravamen of the complaint, which is extremely difficult to follow, is that several state officials conspired to falsely imprison him. The district court dismissed the action, predominantly on the grounds the various defendants had immunity of one sort or another. Appellant's arguments on appeal seem to be directed primarily at the district court's failure to appoint counsel and investigate his claim that his presentation of the case was hampered by prison officials denying him access to the law library.
 
 
 3
 This court need not consider the appellant's arguments. The Supreme Court has ruled that in order to recover damages in an action brought under 42 U.S.C. Sec. 1983 for an allegedly unconstitutional conviction or imprisonment, or for "other harm caused by actions whose unlawfulness would render a conviction or sentence invalid", a prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been invalidated is not cognizable under Sec. 1983." Id. While appellant's claims are difficult to follow, they all spring from his claim that his current incarceration is unconstitutional. Given the appellant admits he has a petition for a writ of habeas corpus before this court raising the same issues, case no. 93-2105, he clearly has not met the Heck standard. Therefore, his Section 1983 claim must be dismissed as premature.
 
 
 4
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Appellant filed such a statement. Upon consideration of that statement, the court has concluded that oral argument would not be helpful, and the appeal is submitted on the briefs and record
 
 
 [1]
 Appellant now identifies himself in his appellate brief as Ronald Leroy Kelley-EL